In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00308-CV
_____

ERIC SPRINGSTUN, Appellant

V.

THE WHARF AT CLEAR LAKE SLIP MAINTENANCE ASSOCIATION,
INC., JIMMY SCHLOMACH, NATHAN ALEXANDER, STACY CASTON,
ROBERT TRGOVICH, KURT LOTERO, JOHN OLEYAR,
AND NASSER HEMPEL, Appellees

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 25-04-06650

MEMORANDUM OPINION

In this interlocutory appeal, Plaintiff Eric Springstun ("Springstun"), appearing pro se, appeals the trial court's order declaring him a vexatious litigant, requiring him to first obtain permission from the appropriate administrative judge before filing any new litigation in Texas, and requiring him to post $25,000 security in the underlying suit to proceed further against Defendants, The Wharf at Clear

Lake Slip Maintenance Association, Inc., Jimmy Schlomach, Nathan Alexander, Stacy Caston, Robert Trgovich, Kurt Lotero, John Oleyar, and Nasser Hempel (collectively "Defendants").

Background

After being sued by Springstun in Cause No. 25-02-02950 (consolidated with Cause No. 25-04-06650) in the 284th Judicial District of Montgomery County and after Springstun's multiple refiling of claims against the Defendants, the Defendants filed Defendants' First Amended Motion for Order Determining Plaintiff a Vexatious Litigant and Requesting Security (the "Motion"). In the Motion, the Defendants allege that beginning around June of 2023, Springstun began filing numerous suits involving the same parties and same claims after he was automatically removed from the board of directors for The Wharf at Clear Lake Slip Maintenance Association, Inc. (the "Association"), due to his failure to pay assessments as required under the Association's governing documents. According to the Defendants, Springstun also harassed the members of the board and the Association by filing numerous baseless lawsuits in Galveston County, Montgomery County, and Harris County against the Defendants, alleging mismanagement of Association funds, breach of fiduciary duty, selective enforcement of Association rules and restrictions, and defamation. The Defendants included in their Motion a summary of eleven of the lawsuits filed by Springstun. The Defendants argued (1)

2

Springstun has no reasonable probability of prevailing on the present claim; (2) that in the past seven years, Springstun has commenced at least five lawsuits as a pro se litigant that have been determined adversely to him; and (3) that Springstun has attempted to relitigate a cause of action, claim or controversy that has been finally determined against him. The Defendants asserted that Springstun is a vexatious litigant who has filed frivolous pro se suits for years and used litigation as a tool for abuse and harassment. The Defendants requested that the trial court determine that Springstun is a vexatious litigant, they requested a stay of the proceedings until he posts security in the amount of $25,000, and the Defendants asked the trial court to enter an order prohibiting Springstun from filing any additional pro se litigation in Texas.

Springstun filed a response, and after an evidentiary hearing, on August 24, 2025, the trial court signed an Order Declaring Eric Springstun (aka Eric Alexander Springstun) to be a Vexatious Litigant and Ordering Payment of Security (the "Order").[1] In granting the Motion, the trial court included a table listing his lawsuits and the Order contained the following language:

> As the table above shows, Mr. Springstun has filed the same basic lawsuit over and over and over again. He varies the defendants, but they are always the same core group, and he varies the causes of action, but they all have the same theme as to abuse towards him and mismanagement of the Wharf.

---

[1] The trial court signed the Order in question on August 24, 2025, and it is file stamped by the clerk of court for the trial court on August 25, 2025.

Mr. Springstun has devoted the last two years to his quest to litigate an event which trial and appellate courts – and even one federal court – have told him have no merit and, typically, are not his claims to raise at all. His relentless pursuit ignores all sense of decorum, but, even more so, ignores the rules of law. It ends now. This Court grants the Motion to Declare Eric Springstun a vexatious litigant, required to obtain administrative judge approval before filing a lawsuit and then posting security to protect the defendant(s) of said lawsuit in the event one is allowed to be filed.

The Court finds that:

1. There is no reasonable probability that Plaintiff would prevail in the above captioned cause; and

2. Prior litigation between Plaintiff and Defendants has been finally determined against Plaintiff on multiple occasions, specifically more than 5 times in the last 7 years and actually 13 times in 2 years; and/or

3. Plaintiff has repeatedly attempted to relitigate the validity of the determination of the disputes between himself and Defendants, as well as the causes of action, claims, controversies and issues of fact and law determined or concluded between himself and Defendant.

The trial court ordered, among other things, that (1) Springstun is a "vexatious litigant" as set forth in Texas Civil Practice and Remedies Code Chapter 11; (2) Springstun is prohibited from filing any new litigation in any Texas court, including any appeal of this Order, without first obtaining permission of the appropriate local administrative judge under section 11.102 of the Texas Civil Practice and Remedies Code; (3) Springstun shall pay security for the moving Defendants in the amount of $25,000 by September 30, 2025 at 5 p.m. to assure payment to the moving Defendants of their reasonable expenses incurred because of Springstun's litigation;

4

and (4) if Springstun does not timely pay the security, the trial court shall dismiss Springstun's suit against the Defendants. Springstun appealed from the Order.

## Issues on Appeal

In his first and second issues, Springstun challenges the sufficiency of the evidence supporting the trial court's finding that Springstun is a vexatious litigant. In his third issue, Springstun argues the $25,000 security ordered by the trial court is not supported by the record. In his fourth issue, Springstun contends the prefiling restriction ordered by the trial court should be stricken because it does not track the language required by Chapter 11 and is therefore overbroad.

## Analysis

Chapter 11 of the Texas Civil Practice and Remedies Code provides a mechanism to restrict vexatious litigation by pro se individuals who abuse the legal system by pursuing numerous frivolous lawsuits. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001-.104. The statute seeks to curb vexatious litigation by requiring plaintiffs found by the court to be "vexatious" to post security for costs before proceeding to trial. *See id.* §§ 11.051-.056.

Under Chapter 11, a defendant against whom a civil action is commenced, maintained, or pending may move the trial court for an order determining that the plaintiff is a vexatious litigant. *See id.* § 11.051. As applicable here, section 11.054 provides that

[a] court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:
>
> > (A) finally determined adversely to plaintiff;
> >
> > . . .
>
> (2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:
>
> > (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
> >
> > (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined[.]

*See id.* § 11.054(1), (2). Once the trial court has determined that a plaintiff is a vexatious litigant, the trial court may "requir[e] the plaintiff to furnish security." *See id.* § 11.051. Specifically, once the trial court conducts a hearing and makes the determination that the plaintiff is a vexatious litigant, the trial court may order "the plaintiff to furnish security for the benefit of the moving defendant" and then "determine the date by which the security must be furnished." *Id.* §§ 11.053, .055(a), (b). If the plaintiff does not timely furnish the security, the trial court has no option but to dismiss the litigation as to the defendant who filed the motion. *See id.* § 11.056.

It is well settled that a party may not appeal an interlocutory order unless authorized by statute. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352

6

(Tex. 2001). It is also well-established that nothing in sections 11.051-11.057 authorizes an interlocutory appeal from an order declaring a person to be a vexatious litigant and requiring the person to post security. *See Nunu v. Risk*, 567 S.W.3d 462, 466 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *see also Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 Tex. App. LEXIS 6414, at *6 (Tex. App.—Fort Worth July 25, 2019, no pet.) (per curiam) (mem. op.); *McCann v. Spencer Plantation Invs., Ltd.*, No. 14-18-00613-CV, 2018 Tex. App. LEXIS 8617, at *2 (Tex. App.—Houston [14th Dist.] Oct. 23, 2018, pet. denied) (per curiam) (mem. op.); *Crain v. Cecil*, No. 10-12-00078-CV, 2012 Tex. App. LEXIS 1946, at **1-2 (Tex. App.—Waco Mar. 7, 2012, no pet.) (mem. op.); *Lagaite v. Boland*, No. 07-12-0422-CV, 2012 Tex. App. LEXIS 10382, at **1-3 (Tex. App.—Amarillo Dec. 13, 2012, no pet.) ( mem. op.); *Almanza v. Keller*, 345 S.W.3d 442, 443 (Tex. App.—Waco, 2011, no pet.) ("[T]here is no statutory right of an interlocutory appeal of a vexatious litigant order of the related order requiring security."); *Douglas v. Honorable Tex. Bd. of Pardons & Paroles*, No. 14-11-00527-CV, 2012 Tex. App. LEXIS 2705, at **2-3 (Tex. App.—Houston [14th Dist.] Apr. 5, 2012, no pet.) (mem. op.) (dismissing an interlocutory appeal from an order declaring appellant to be a vexatious litigant). Accordingly, we conclude that we lack jurisdiction over

Springstun's challenge to the trial court's Order requiring him to post the amount of $25,000 as security.[2]

That said, if a court has entered a prefiling order under section 11.101(a), a party may appeal from the prefiling order designating him as a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101(c); *Jones v. Carter*, No. 09-16-00081-CV, 2016 Tex. App. LEXIS 5344, at *1 (Tex. App.—Beaumont May 19, 2016, no pet.) (mem. op.) (section 11.101 prefiling order is appealable). Section 11.101 of the Texas Civil Practice and Remedies Code provides that the trial court may "enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge[.]" Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a). The Civil Practice and Remedies Code then sets out the procedure to obtain the required permission. *Id.* § 11.102. So, we conclude that we have jurisdiction to review whether the trial court's order that required Springstun to

_____

[2] We note that in appellate cause number 09-26-00023-CV Springstun has filed a notice of appeal of the trial court's October 2, 2025, final ruling granting an Order of Dismissal for failure to post the $25,000 security required by the trial court in the Order Declaring Eric Springstun (aka Eric Alexander Springstun) to be a Vexatious Litigant and Ordering Payment of Security. In this appeal, Springstun also filed a motion for appellate review of the trial court's August 24, 2025 Order to Pay Court Costs as a Result of Finding That Eric Springstun is Not Indigent. On February 20, 2026, this Court entered an Order concluding that the trial court did not abuse its discretion in finding Springstun is not indigent, and we affirmed the trial court's August 24, 2025 Order.

obtain permission before filing new litigation is proper. *See id.* § 11.101(c); *Jones*, 2016 Tex. App. LEXIS 5344, at *1. And, in this context, the Texas Civil Practice and Remedies Code section 11.101(c) authorizes an interlocutory appeal of the trial court's order finding Springstun to be a vexatious litigant. *See Nunu*, 567 S.W.3d at 463. We review a trial court's order determining that a litigant is a vexatious litigant for an abuse of discretion. *See Amrhein v. Bollinger*, 593 S.W.3d 398, 404 (Tex. App.—Dallas 2019, no pet.).

In his first and second issues, Springstun challenges the sufficiency of the evidence supporting the trial court's finding that Springstun is a vexatious litigant. However, "when an appellant fails to bring a reporter's record" of the hearing, we must presume the evidence presented was sufficient to support the trial court's order declaring Springstun a vexatious litigant. *See id.* (quoting *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied)). Therefore, we conclude the trial court did not abuse its discretion by declaring Springstun a vexatious litigant. *See Amrhein*, 593 S.W.3d at 404. We overrule issues one and two.[3]

---

[3] We acknowledge that the Appellees attached an appendix to their brief and they have attached what appears to be an unofficial copy of a transcript which states it is from a hearing held by the trial court, and it appears to relate to the vexatious litigant ruling. That said, under the applicable rules of appellate procedure, the "record" for purposes of an appeal "consists of the clerk's record and, if necessary to the appeal, the reporter's record." Tex. R. App. P. 34.1. The official or deputy reporter is responsible for preparing, certifying, and timely filing the reporter's

Springstun argues in his fourth issue that the trial court's prefiling requirement is overbroad because it does not track the language of the statute. According to Springstun, the trial court's prefiling requirement does not track the language of Chapter 11 because the Order prohibits Springstun from filing new litigation, instead of "pro se, new litigation[,]" and that the Order did not include the standard for which the local administrative judge may grant permission to a vexatious litigant subject to a prefiling order under section 11.101 to file a litigation—i.e., determining if the litigation has merit and has not been filed for the purposes of harassment or delay. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102. Although the trial court's Order did not track the *exact* language of section 11.102 as to the prefiling requirement, the trial court's Order ordered "that Eric Springstun (aka Eric Alexander Springstun)

---

record if the party responsible for paying for the record has paid the reporter's fee. *See* Tex. R. App. P. 35.3(b). The rules now contain a provision that allows an appellant in a civil case who makes a timely request to proceed with an appendix in lieu of a clerk's record, but that does not apply to the reporter's record. *See* Tex. R. App. P. 34.5a; *cf.* Tex. R. App. P. 35.3(b). Subsection (c) to Rule 34.5a provides that if the appellant timely files an appendix in lieu of a clerk's record, any other party may file a supplemental appendix at the same time as that party's brief. Tex. R. App. P. 34.5a(c). However, "[w]hen available, the contents of an appendix filed under [Rule 34.5a] must be file-stamped [and] [a]n appendix must not contain a document that was not filed with the trial court except: (1) if the document was issued by the trial court; or (2) by agreement of the parties under Rule 6.6." *See* Tex. R. App. P. 34.5a(f). "The burden of providing a record showing error requiring reversal is on the appellant." *Williams Farms Produce Sales, Inc. v. R&G Produce Co.*, 443 S.W.3d 250, 257 (Tex. App.—Corpus Christi-Edinburg 2014, no pet.).

is prohibited from filing any new litigation in any court in this state, including any appeal of this Order, without first obtaining permission of the appropriate local administrative judge, *as provided by Texas Civil Practice and Remedies Code Section 11.102*." (emphasis added). Section 11.102 sets forth the standard to be followed by the Local Administrative Judge and we find it is unnecessary for the trial court to have included the exact language of the statute in the Order. We conclude the Order adequately cites to section 11.102. We overrule issue four.

## Conclusion

Because we lack jurisdiction over that part of Springstun's appeal from the portion of the Order ordering him to post $25,000 security, we dismiss that part of the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f). Having overruled issues one, two, and four, we affirm that part of the trial court's Order finding Springstun to be a vexatious litigant and requiring him to obtain a prefiling order before instituting new litigation. *See* Tex. R. App. P. 43.2(a).

DISMISSED IN PART; AFFIRMED IN PART.

LEANNE JOHNSON
Justice

Submitted on July 22, 2026
Opinion Delivered August 6, 2026

Before Golemon, C.J., Johnson and Wright, JJ.

11